On petition for rehearing it is contended that under the rule prescribed in the main question in this case the sheriff will for all practical purposes be relieved of liability for any unlawful act of his deputy.
Our holding in that opinion was that in the absence of statute to the contrary only those acts of a deputy that involve an abuse of the power imposed in him and not those involving an usurpation of power will the sheriff be required to answer for.
To abuse power is to use it in an extravagant manner, to employ it contrary to the law of its use, or to use it improperly and to excess. The usurpation of power has reference to the unlawful assumption, or seizure and exercise *Page 793 
of power not vested in one, or where one interrupts another in the exercise of a right belonging to him.
The statement in the main opinion to the effect that E. W. Compton was a deputy sheriff was inaccurate. He was not a deputy sheriff but was the man who arrested plaintiff and turned him over to Nicholas Porter who was a deputy sheriff and the jailor for the defendant sheriff. He (plaintiff) was held in jail by Porter for two days and released, said imprisonment being the basis for the instant action.
As deputy sheriff, Porter was required to receive plaintiff or any other person lawfully turned over to him whether arrested with or without warrant, there being numerous instances in which sheriffs and other police officers are authorized to arrest without warrant.
We think there is a clear distinction between the abuse and the usurpation of the power imposed in a deputy sheriff. We fail to appreciate the implications drawn from our former opinion by the petitioner. If the placing of plaintiff in jail by Porter was a usurpation of power the sheriff cannot be held likewise. It is not shown or charged that after he was placed there he was ill treated or that the authority of the jailor in holding him was abused.
In other words, if Porter had in any way abused his authority to hold and imprison the plaintiff such as failure or neglect to feed or clothe him or keep him warm or refusal to release him after finding that he was the wrong man or had unduly punished him while confined, the sheriff would be liable because of such abuse of power. This is quite different, however, from assuming and proceeding to exercise a power that the law never vested in him.
On a full reconsideration of the cause in the light of the record, briefs, and reargument our former judgment must be and is hereby reaffirmed. *Page 794 
Affirmed on rehearing.
DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.